# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DONNA LEE SCHIVLEY,

Appellant,

v.

DR. CHRISTINE M. SCHAFFNER, ND,

Respondent.

No. 88346-1-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — In the first appeal in this matter, we held that the trial court prematurely dismissed Donna Schivley's medical negligence complaint against Dr. Christine Schaffner with prejudice.[1] Although Schivley was required to personally serve Dr. Schaffner with a copy of the summons and complaint and had not done so, the court erred by dismissing the complaint with prejudice while there was still time to serve the defendant within the 90 days allowed by RCW 4.16.170.[2]

On remand, the trial court again dismissed the complaint with prejudice because Schivley failed to effect personal service within 90 days of the date she filed her complaint. Because the statute's 90-day period had expired, dismissal with prejudice was no longer premature. We affirm.

---

[1] See Schivley v. Schaffner, No. 885639-1-I, slip op. at 10 (Wash. Ct. App. Apr. 29, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/856391.pdf.
[2] Id. at 9.

I

Representing herself pro se, Schivley filed a complaint against Dr. Schaffner on May 4, 2023, asserting medical negligence in connection with treatment provided by Dr. Schaffner over the course of several years. Schivley filed proof of service, indicating that the court had previously authorized service on the defendant by mail. Schivley also stated that, on May 12, 2023, a process server sent copies of the summons, complaint, and case schedule to Dr. Shaffner by regular and certified mail.

On June 12, 2023, Dr. Schaffner moved to dismiss Schivley's complaint. She asserted the complaint should be dismissed because, among other reasons, it was barred by the three year statute of limitations that applies to medical negligence claims, see RCW 4.16.350, service of process was improper and, as a result, the court lacked personal jurisdiction. On July 14, 2023, the trial court granted the motion and dismissed the complaint with prejudice.

Schivley appealed. As to dismissal premised on insufficient service of process and lack of personal jurisdiction, we concluded that while personal service was required and undisputedly had not occurred at the time the trial court addressed the motion to dismiss, dismissal with prejudice was "premature." This was so because RCW 4.16.170 provides a 90-day period, which allowed Schivley to "tentatively commence" her action by filing a complaint and tolling the statute of limitations, so long as she perfected service of process within 90 days. Although Schivley had until August 2, 2023 to perfect service under the statute, the trial court erroneously dismissed her complaint with prejudice on July 14, 2023. The record

before this court did not establish the failure to perfect service on or before August 2, 2023, so we could not conclude that the statute of limitations was not tolled under RCW 4.16.170.

On remand, Dr. Schaffner filed a second motion to dismiss the complaint. Dr. Schaffner maintained that Schivley had not personally served her on or before August 2, 2023. The court held a hearing on the motion and took the matter under advisement. At the court's request, both parties later submitted supplemental briefing on the applicability of equitable tolling.

On June 4, 2025, the trial court entered a second order granting the motion to dismiss the complaint. Among other things, the trial court found that Schivley "has never personally served" Dr. Schaffner and "no court order has authorized alternative service (*i.e.*, mailing)." The court concluded that because Schivley filed her complaint one day before the statute of limitations expired and thereafter failed to perfect service of process, "the action has not commenced for purposes of tolling of any statute of limitations." And finally, acknowledging a "harsh" result, the court declined to find that equitable tolling was warranted.

Schivley appeals and, as below, represents herself on appeal.

II

The governing legal standards, as set forth in our previous opinion, are well established. Our review of the trial court's order on the motion to dismiss is de novo. See State v. LG Elecs., Inc., 186 Wn.2d 169, 176, 375 P.3d 1035 (2016) ("We review CR 12(b)(2) dismissals for lack of personal jurisdiction de novo"); Walker v. Orkin, LLC, 10 Wn. App. 2d 565, 569, 448 P.3d 815 (2019) ("We review

whether service was proper de novo"); Clark v. Falling, 92 Wn. App. 805, 809-10, 965 P.2d 644 (1998) (review of whether action was timely commenced under RCW 4.16.170 de novo).  When a trial court makes findings of fact in a ruling on a CR 12(b) motion, we review those findings for substantial evidence. See Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011).

Proper service of the summons and complaint in accordance with CR 4(d)(1), "is an essential prerequisite to obtaining personal jurisdiction."  Walker, 10 Wn. App. 2d at 568.  "Service of process must comply with constitutional, statutory, and court rule requirements."  Id.  Generally, the summons and complaint must be personally served.  CR 4(d).  " 'Mere receipt of process and actual notice alone do not establish valid service of process.' "  Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc., 154 Wn. App. 581, 585, 225 P.3d 1035 (2010) (quoting Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 177, 744 P.2d 1032, 750 P.2d 254 (1987)).

RCW 4.28.080 governs service of process.  Personal service may be accomplished by delivering a copy of the summons to the party personally or leaving a copy at the party's place of "usual abode" with a person of "suitable age and discretion" who similarly lives in the home.  Former RCW 4.28.080(16) (2015). Alternatively, the court may enter an order allowing substitute service by mail where there are "circumstances justifying service by publication" pursuant to RCW 4.28.100 and the serving party demonstrates that "service by mail is just as likely to give actual notice as service by publication." CR 4(d)(4).

4

Washington law requires that medical negligence claims must be asserted within three years of the act or omission that caused the alleged injury. RCW 4.16.350. For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. RCW 4.16.170. The statute directs the plaintiff to perform the other of service or filing within 90 days. See id. In case of an action commenced by filing, failure to serve within this time period means "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." Id.; Wothers v. Farmers Ins. Co. of Wash., 101 Wn. App. 75, 79, 5 P.3d 719 (2000) ("Washington courts have repeatedly held that the mere filing of a complaint alone does not constitute the commencement of an action for the purposes of tolling any applicable statute of limitation").

III

It is undisputed that Schivley filed her complaint the day before the statute of limitations expired, on May 4, 2023, and to toll the statute of limitations under RCW 4.16.170 she had to perfect service of process by August 2, 2023. Schivley does not challenge the trial court's finding that she did not personally serve Dr. Schaffner in the manner prescribed by RCW 4.28.080(16) and the court did not authorize alternative service by mail. We accept this finding as true. See Jensen v. Lake Jane Ests., 165 Wn. App. 100, 105, 267 P.3d 435 (2011) ("Unchallenged findings are verities on appeal"). Accordingly, although Schivley filed her complaint before the statutory limitation period expired, because she did not perfect service

5

within the 90-day tolling period, the lawsuit was not properly commenced within the statute of limitations.

Schivley contends the trial court erred in granting Dr. Schaffner's second motion to dismiss. She claims (1) she was "legally barred" from attempting to serve Dr. Schaffner after July 14, 2023, when the trial court dismissed her claim with prejudice; (2) contrary to the trial court's finding, she was not "on notice" of defective service, as she was unaware of the tolling statute and other court rules; (3) attempted service by mail was "reasonably diligent," "in good faith," and did not prejudice Dr. Schaffner, who was likely aware of her complaint; (4) Dr. Schaffner established no basis for dismissal as she filed no "Affirmative Defense Motion" or answer to the complaint; and (5) the court failed to adequately consider the substantive merit of her claims.[3]

These arguments are unavailing. The claim that Schivley was precluded by law from perfecting service is premised on CR 41(b), which provides for involuntary dismissal before adjudication of the merits based on a failure to prosecute, noncompliance with civil procedural rules, or lack of action in a case in the preceding 12 months. But Dr. Schaffner did not file a motion under CR 41(b).

---

[3] Schivley's briefing on appeal includes "arguments" that appear to be rhetorical questions and simply fail to articulate claims of error. To the extent that Schivley's briefing raises claims that are supported by authority, reference to the record, and discernable legal arguments, we address them. See RAP 10.3(a)(6) (content requirements for appellate briefing). And insofar as Schivley's 142-page appendix filed in support of her briefing includes material that is not included in the appellate court record, we decline to consider those materials. See RAP 10.3(a)(8) (without permission from this court, an appendix cannot include material outside the designated record on appeal). Finally, Schivley filed a motion to amend her complaint in this court. But as she correctly acknowledges in her reply, the motion is neither "germane" nor properly before this court. The motion to amend is denied.

Nothing in the record suggests the dismissal was based on CR 41 or related to any issues addressed by that rule. Schivley identifies no law that she would have violated by serving the summons and complaint after July 14, 2023. And critically, Schivley did not effect valid service of process at any time. Schivley fails to show that she was unable to perfect service within the tolling period.

Schivley's challenge to the trial court's comment about her having "notice" that service had not occurred also is unavailing. Schivley was charged with knowledge of the applicable law, including RCW 4.16.170. "In Washington, proper service of process must not only comply with constitutional standards but must also satisfy the requirements for service established by the legislature." Farmer v. Davis, 161 Wn. App. 420, 432, 250 P.3d 138 (2011). While we appreciate the inherent difficulties of self-representation, pro se litigants are held to the same standards as licensed attorneys. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). We nevertheless note that Dr. Schaffner's initial June 12, 2023 motion to dismiss informed Schivley of Dr. Schaffner's contention that Schivley's proof of service showed that "service was attempted exclusively by mail," and she had not met the standard for authorization of mail service under RCW 4.28.080(17). Schivley was apprised of Dr. Schaffner's position that personal service was required and had not been accomplished.

As to Schivley's claimed diligence and intentions, she does not explain the relevance of these factors in light of her failure to challenge the trial court's ruling on equitable tolling and express acknowledgment that she did not satisfy the

criteria for application of the doctrine. And, as noted, even if Dr. Schaffner received or was aware of the complaint, neither of these facts establishes valid service.

The record does not support the claim that Dr. Schaffner waived her defenses related to service, jurisdiction, and the statute of limitations. Dr. Schaffner filed a motion to dismiss—in other words, a motion seeking affirmative relief—in lieu of an answer. CR 12(b) explicitly permits this procedure. Finally, Schivley's argument that the trial court was required to consider the merits of her claims is not relevant to determining whether Schivley had properly served Dr. Schaffner. Since the trial court lacked personal jurisdiction, it had no authority to resolve or weigh the merits. See State v. Nw. Magnesite Co., 28 Wn.2d 1, 42, 182 P.2d 643 (1947) (having no personal jurisdiction over the defendants due to improper service, the trial court "had no power to pass upon the merits of the state's case as against those parties").

We affirm the order of dismissal.

Birk, J.

WE CONCUR:

Feldman, J.          Smith, J.